# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
12/03/2025
By: _____ N. Young _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM, INC., a Delaware Corporation; ROEY NETANEL, an individual; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LATRICE MCCAULEY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*

**25CV028812**

SUPERIOR COURT OF CALIFORNIA; COUNTY OF SACRAMENTO; HALL OF JUSTICE; 813 6TH ST,; SACRAMENTO, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHRISTINA BEGAKIS, ESQ.; 1700 W. BURBANK BLVD,; BURBANK CA, 91506; (213) 493-6300

DATE: ~~12/02/2025~~  12/03/2025
*(Fecha)*

Clerk, by  /s/ N. Young , Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐  as an individual defendant.
2. ☐  as the person sued under the fictitious name of *(specify):*

3. ☐  on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

W. Zev Abramson, Esq. #289387
Nissim Levin, Esq. #306376
Christina Begakis, Esq. #316779
**ABRAMSON LABOR GROUP**
1700 W. Burbank Blvd.,
Burbank, California 91506
Tel:    (213) 493-6300
Fax:    (213) 336-3704
wza@abramsonlabor.com
nissim@abramsonlabor.com
christina@abramsonlabor.com

Attorneys for Plaintiff,
LATRICE MCCAULEY

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
12/02/2025
By: _____N. Young_____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| LATRICE MCCAULEY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., a Delaware Corporation; ROEY NETANEL, an individual; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.:   25CV028812 <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:** <br><br> 1. Disability Discrimination in Violation of FEHA <br> 2. Failure to Engage in Good Faith Interactive Process <br> 3. Failure to Accommodate <br> 4. Failure to Prevent Discrimination and Harassment in Violation of FEHA <br> 5. Retaliation in Violation of FEHA <br> 6. Wrongful Termination in Violation of Public Policy <br><br> **Over $35,000** |

Complaint and Demand for Jury Trial

1

PLAINTIFF complains and alleges as follows:

1. Plaintiff LATRICE MCCAULEY("Plaintiff") is a former employee of Defendants and a resident of the State of California.

2. At all times herein mentioned, Defendant, AMAZON.COM, INC. (hereinafter "AMAZON") is a California corporation authorized to operate and do business under the laws of the State of California at 4900 W Elkhorn Blvd in Sacramento, California 95835 in the County of Sacramento.

3. Upon information and belief, Plaintiff alleges that Defendant ROEY NETANEL ("NETANEL") was an individual living in the State of California at all times relevant to this action, and that Defendant NETANEL was at all relevant times an employee of Defendants.

4. Venue is proper in this Court pursuant to California Code of Civil Procedure sections 395 and 395.5 because Defendants do business in Sacramento County, and because the incidents underlying this action took place in Sacramento County.

5. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

6. Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining co-defendants, in doing the things hereinafter alleged, was acting within the course, scope and under the authority of his/her/its agency, employment, or representative capacity, with the consent of her/his/its co-defendants.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. On December 1, 2025, Plaintiff filed a complaint with the California Civil Rights Department.

8. On December 1, 2025, the California Civil Rights Department issued Plaintiff a "Right to Sue Notice."

**GENERAL ALLEGATIONS**

9.     Plaintiff began working for Defendant AMAZON on or about June 25, 2023, as a Warehouse Associate.

10.     Plaintiff alleges for the duration of her employment, she was an exempt employee and was last compensated at an hourly rate of $22.80.

11.     Plaintiff alleges that throughout the course of her employment with Defendants, she was discriminated and retaliated against on account of her disability and request for accommodation.

12.     Plaintiff's job duties required her to pack individual items into boxes and send the boxes down the line while standing for the duration of her 10-hour shift.

13.      Beginning August 18, 2024, Plaintiff developed severe pain in both of her feet caused by prolonged standing and repetitive physical activity during her shifts.

14.     On approximately five occasions from August 18, 2024 through November 2024, Plaintiff informed her shift lead, Defendant NETANEL, she was experiencing severe pain in her feet and she requested a chair so she could sit down on occasion to relieve the pain. Defendant NETANEL denied Plaintiff's repeated requests.

15.     Plaintiff's foot pain interfered with her ability to adequately perform her job duties, as Plaintiff had to take repeated breaks to rest her feet, which slowed down her productivity. On August 28, 2024, Defendant NETANEL issued Plaintiff a written warning for low productivity. Plaintiff again explained to Defendant NETANEL that her foot pain was slowing down her productivity.

16.     On November 11, 2024, Plaintiff went to the doctor and was diagnosed with bilateral plantar fasciitis. Plaintiff's doctor's notes restricted her walking and standing to up to 25% per shift and permitted Plaintiff to apply ice every two to three hours as needed from November 11, 2024 through November 20, 2024. On this same day, Plaintiff provided her doctor's note to Defendants.

17.     On or about November 11, 2024, Defendant NETANEL informed Plaintiff she would be moved to the Line Straightening position given her doctor's note, as the Line

Straightening position would allow Plaintiff to sit down for the duration of her shift.

18.    Plaintiff visited her treating doctor on November 21, 2024, and he provided a doctor's note to Defendants that extended her work restrictions from November 20, 2024 through January 3, 2025. Plaintiff continued visiting her treating doctor and timely providing Defendants with her doctor's notes that restricted her walking and standing to up to 25% per shift. Plaintiff continued working the Line Straightening position.

19.    On or about May 22, 2025, Defendants informed Plaintiff her accommodation exceeded Defendants' 180-day accommodation policy limit. Per Defendants' instruction, Plaintiff requested an unpaid leave of absence using the Amazon A to Z application. Defendants told Plaintiff that during her unpaid leave, she could apply for new job positions at Defendant AMAZON. Defendants told Plaintiff she would be terminated if she could not secure a new position. Plaintiff searched for new positions, however she was unable to identify any available positions that she was qualified to perform.

20.    On September 10, 2025, Defendants terminated Plaintiff's employment.

21.    Plaintiff is informed, believes, and thereon alleges that Defendants terminated her with malice, oppression, and/or fraud on a pretext because of her disability and request for accommodation.

22.    As a result of discrimination, retaliation and wrongful termination, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

23.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from losses of earnings and otherwise in amounts not yet unascertained but subject to proof at trial.

24.    Plaintiff has suffered damages in an amount greater than $35,000.

25.    Plaintiff hereby demands a jury trial.

/ / /

/ / /

/ / /

/ / /

First Cause of Action

**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**

(Against Defendant AMAZON and DOES 1-100 Only)

26.    Plaintiff re-alleges the information set forth above and by this reference incorporates said paragraphs herein as though fully set forth at length.

27.    At all times herein mentioned, California's Fair Employment and Housing Act, California Government Code § 12940, et seq., was in full force and effect and fully binding upon Defendants.

28.    *Government Code* section 12926(m) defines **physical** disability as having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine, and the disability limits an individual's ability to participate in major life activities.

29.    Plaintiff's disability (actual and/or perceived) constitutes a disability as defined above in Government Code § 12926(m). Specifically, Plaintiff's bilateral plantar fasciitis constitutes a disability as defined in Government Code § 12926(m). Plaintiff, at all pertinent times detailed herein, is/was able to perform the essential duties of her position with reasonable accommodation without endangering the health or safety of Plaintiff or other employees of Defendant.

30.    California Government Code §12940 et. seq. also states that "It is an unlawful employment practice…[f]or an employer, because of the …, physical disability, mental disability, medical condition, … of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

31.    Defendant violated the above-referenced statute when adversely impacting Plaintiff's employment as a result of Plaintiff being a member of a protected class as defined

within the statute and discriminating against Plaintiff in compensation or in terms, conditions, or privileges of employment.

32.     Specifically, Defendant discriminated against Plaintiff by disciplining, terminating, and/or causing Plaintiff other adverse employment actions based upon Plaintiff's disability.

33.     Plaintiff exhausted Plaintiff's administrative remedies under the California Fair Employment and Housing Act by filing charges that Defendant performed the unlawful acts as herein alleged. In response, the California CRD issued the Notice of Case Closure and Right-to-Sue Letter granting Plaintiff the right to sue Defendant.

34.     Defendant violated California Government Code §12940 et. seq. by doing the detailed acts all because of Plaintiff's status as a member of a class of persons protected under the above-referenced statute.

35.     As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, Plaintiff has suffered severe emotional distress, medical expenses, substantial losses in salary and benefits which Plaintiff would have received from Defendant, all to Plaintiff's damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

36.     As a further direct and proximate result of Defendant's unlawful discrimination and wrongful, termination, Plaintiff has suffered emotional distress in a sum within the jurisdiction of this Court, to be ascertained according to proof.

37.     The grossly reckless, careless, negligent, and/or intentional, malicious, and bad faith manner in which Defendant, acting by and through its officers, directors, and/or managing agents, engaged in those acts described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for refusing to comply with their willful violations of the above-referenced statutes entitles Plaintiff to punitive damages against Defendant in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish Defendants, deter it from engaging in such conduct again, and to make an example of it to others.

38.     Plaintiff also prays for reasonable costs and attorney fees against Defendants for the prosecution of this action.

<u>Second Cause of Action</u>

**FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS**

(Against Defendant AMAZON and DOES 1-100 Only)

39.    Plaintiff re-alleges the information set forth above and by this reference incorporates said paragraphs herein as though fully set forth at length.

40.    As alleged herein and in violation of California Government Code section 12940(n), Defendant violated the California Fair Employment and Housing Act by, among other things, refusing and/or failing to engage in a timely, good faith, interactive process with Plaintiff regarding her physical disability.

41.    The duty to accommodate an employee's disability is broad and often requires employers to hold, "a job open for a disabled employee who needs time to recuperate or heal," where it appears likely that the employee will be able to return to an existing position at some point in the foreseeable future. (*Jensen v. Wells Fargo Bank* (2000) 85 Cal. App. 4th 245, 263).

42.    Here, Defendants failed to engage in the interactive process with Plaintiff because they wrongfully terminated her employment after Plaintiff requested accommodation for her disability.

43.    As a direct and proximate result of Defendant's willful, knowing, and intentional failure to engage in the interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

44.    As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

45.    The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said Defendant engaged in those acts as described in this cause of action entitle Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish

said Defendant, deter it from engaging in such conduct again, and to make an example of it to others. Plaintiff is informed, believes, and thereon alleges that the punitive conduct of said Defendant was ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

Third Cause of Action

<strong>FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA</strong>

(Against Defendant AMAZON and DOES 1-100 Only)

46. Plaintiff re-alleges the information set forth above and by this reference incorporates said paragraphs herein as though fully set forth at length.

47. At all times herein mentioned, Defendant is an employer subject to the Fair Employment and Housing Act.

48. This cause of action is based upon Government Code § 12940(m), which requires employers to make reasonable accommodation for an employee's known physical or mental disability, and upon Government Code § 12926(m), which defines a qualifying disability as one that affects a major bodily system and limits a major life activity.

49. The law imposes upon, "an employer who knows of the disability of an employee…an affirmative duty" to find ways to accommodate that disability, such as by offering the employee "suitable job opportunities with the employer…if the employer can do so without undue hardship." (*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal. App. 4th, 935, 950).

50. The duty to accommodate an employee's disability is broad and often requires employers to hold "a job open for a disabled employee who needs time to recuperate or heal," where it appears likely that the employee will be able to return to an existing position at some point in the foreseeable future. (*Jensen v. Wells Fargo Bank* (2000) 85 Cal. App. 4th 245, 263).

51. Plaintiff's bilateral plantar fasciitis constituted a disability as defined above in Government Code §12926(m).

52.    Defendant was well aware of Plaintiff's disability and her need for accommodation.

53.    Plaintiff was otherwise able to perform all essential functions of her job.

54.    Defendant failed to reasonably accommodate Plaintiff by rejecting her request for accommodation and wrongfully terminating her employment.

55.    As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer severe emotional distress, loss of earnings, medical expenses, benefits plus expenses incurred in obtaining substitute employment, all to her damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

56.    As a result of the grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendant engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff in violation of the law, Plaintiff is entitled to punitive damages against said Defendant in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter it from engaging in such conduct again, and to make an example of it to others.

57.    Plaintiff also prays for reasonable attorney fees, as allowed by the Fair Employment and Housing Act for Plaintiff's prosecution of this action in reference to the legal violations and code violations described herein.

<u>Fourth Cause of Action</u>

**FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA**

(Against Defendant AMAZON and DOES 1 Through 100)

58.    Plaintiff re-alleges the information set forth above and by this reference incorporates said paragraphs herein as though fully set forth at length.

59.    At all times herein mentioned, California's Fair Employment and Fair Housing Act ("FEHA") Cal. Gov't Code §§ 12900 et seq., was in full force and effect and was fully binding upon Respondent. Specifically, § 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent age harassment from occurring.

60.     As described above, Defendant failed to reasonably investigate their employees, supervisors, and managers behaviors and take all reasonable steps necessary to prevent discrimination and harassment from occurring in violation of § 12940(k).

61.     The continued harassment against Plaintiff was sufficiently pervasive so as to alter the conditions of the working environment and created a subjectively and objectively hostile working environment.

62.     As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer losses in earnings, equity and other employment benefits and has incurred other economic losses.

63.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer substantial emotional distress, humiliation, anxiety, shame, and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

64.     Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

<u>Fifth Cause of Action</u>

**RETALIATION IN VIOLATION OF FEHA**

(Against Defendant AMAZON and DOES 1-100 Only)

65.     Plaintiff re-alleges the information set forth above and by this reference incorporates said paragraphs herein as though fully set forth at length.

66.     This cause of action is based upon California Government Code § 12940, et seq., which prohibits employers from retaliating against employees who opposed any practices forbidden under FEHA, specifically, discrimination and harassment based on disability.

67.     Defendant is an employer covered by and subject to FEHA.

68.     At all times herein mentioned, Plaintiff was an employee covered by FEHA.

Complaint and Demand for Jury Trial

10

69. Defendant, through its officers, directors, managing agents, or supervisory employees, violated Government Code § 12940, et seq., by doing the following acts, all because of Plaintiff's disability, including but not limited to: taking adverse employment action against Plaintiff, and terminating Plaintiff's employment specifically due to her disability and her request for accommodation.

70. Pursuant to the California Government Code § 12900 et seq., Plaintiff had a legal right to be free from retaliation.

71. Defendants, through officers, directors, managing agents, or supervisory employees, violated California Government Code § 12940, et seq., by terminating Plaintiff's employment because Plaintiff informed Defendants of her disability and requested accommodation during her employment in violation of FEHA.

72. Plaintiff has exhausted her administrative remedies under FEHA and received a Notice of Case Closure/Right-to-Sue Letter from the Civil Rights Department allowing Plaintiff to sue Defendant.

73. As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

74. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

75. The grossly reckless, careless, negligent, oppressive, and/or intentional, malicious, and bad faith manner in which Defendant engaged in those acts as described in this cause of action entitle Plaintiff to punitive damages against Defendant in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

76. Plaintiff is informed, believes, and thereon, alleges that the punitive conduct of

Defendant was ratified by those other individuals who were managing agents of Defendant. These unlawful acts were further ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

Sixth Cause of Action

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

(Against Defendant AMAZON and DOES 1-100 Only)

77.    Plaintiff re-alleges the information set forth above and by this reference incorporates said paragraphs herein as though fully set forth at length.

78.    The public policy of the State of California, as expressed by the Legislature, the California Constitution, the California Supreme Court, and in California Government Code §§ 12900 et seq. is to prohibit retaliation in the workplace.

79.    Plaintiff's employment was wrongfully terminated, in violation of substantial and fundamental public policies of the State of California that inures to the benefit of the public, with respect to retaliation, tortious discharge, and adverse employment actions taken against Plaintiff due to her disability and request for accommodation, violations of the Labor Code, all in violation of various state statutes including but not limited to violations of California's Constitution, California Labor Code, and California Code of Regulations.

80.    As a result of their employment relationship, Defendant was obligated to refrain from discharging Plaintiff for reasons which violate or circumvent said policy, law, or the objectives that underlie each and not to compound their illegal conduct by retaliating against Plaintiff.

81.    Defendant's acts in retaliating against and wrongfully terminating Plaintiff for her disability and request for accommodation were wanton, willful, intentional, malicious, and showed a reckless disregard for the rights of Plaintiff.

82.    As a direct and proximate result of Defendant's willful, knowing, and intentional illegal conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings and

other employment benefits.

83.    As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

84.    The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said Defendant engaged in those acts as described in this cause of action entitle Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter it from engaging in such conduct again, and to make an example of it to others.

85.    Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said Defendant was ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

86.    As a result of Defendant's retaliatory or other illegal and prohibited acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

<u>WHEREFORE, Plaintiff prays for the following relief:</u>

1. For compensatory damages which resulted from Defendants' conduct as alleged herein;

2. For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of benefits, loss of bonuses, expenses to obtain new employment, loss of job security and all damages flowing therefrom;

3. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

Complaint and Demand for Jury Trial

13

4. For all penalties under all relevant statutes;

5. For all costs and disbursements incurred in this suit;

6. For all interest as allowed by law;

7. For attorney's fees and costs; and

8. For such other and further relief as the Court deems just and proper.


DATED: December 2, 2025                    ABRAMSON LABOR GROUP


By: _____
    W. Zev Abramson, Esq.
    Nissim Levin, Esq.
    Christina Begakis, Esq.
    Attorneys for Plaintiff,
    LATRICE MCCAULEY

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Abramson Labor Group<br>Nissim Levin, Esq. SBN 306376<br>1700 W. Burbank Blvd.,<br>Burbank, California 91506<br>TELEPHONE NO: (213) 493-6300      FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:   nissim@abramsonlabor.com<br>ATTORNEY FOR *(Name)*:   Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sacramento<br>**12/05/2025**<br>By: _____ Deputy<br>B. Delira |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sacramento |
|---|
| STREET ADDRESS:   720 9th Street Room 212, 2nd Floor |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:   Sacramento, 95814-1302 |
| BRANCH NAME:   Sacramento |

| PLAINTIFF / PETITIONER:   LATRICE MCCAULEY | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   AMAZON.COM, INC., et al. | 25CV028812 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>14723107 (26932844) |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☒ Summons
    b.  ☒ Complaint
    c.  ☐ Alternative Dispute Resolution (ADR) Package
    d.  ☒ Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐ Cross-Complaint
    f.  ☒ Other *(specify documents)*:    Notice of Civil Home Court Assignment and Case Management Conference
3.  a.  Party served *(specify name of party as shown on documents served)*:
        AMAZON.COM, INC., a Delaware Corporation
    b.  ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        Corporation Service Company (CSC) - Maddie Bright - Person Authorized to Accept Service of Process
4.  Address where the party was served:
    2710 Gateway Oaks Dr Suite 150N, Sacramento, CA 95833
5.  I served the party *(check proper box)*
    a.  ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date)*:   Fri, Dec 05 2025           (2) at *(time)*:   01:25 PM
    b.  ☐ **by substituted service**. On *(date)*:                  at *(time)*:                  I left the documents listed in
        item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:              from *(city)*:                           or ☐ a declaration of mailing is attached.
        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER: LATRICE MCCAULEY | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: AMAZON.COM, INC., et al. | 25CV028812 |

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date)*:  (2) from *(city)*:

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify)*:

c. ☐ as occupant.

d. ☒ On behalf of *(specify)*:   AMAZON.COM, INC., a Delaware Corporation

  under the following Code of Civil Procedure section:

  ☒ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)
  ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
  ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
  ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
  ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
  ☐ other:

7. **Person who served papers**

a. Name:            Brandon Ortiz

b. Address:          1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

c. Telephone number:      800-938-8815

d. **The fee** for service was:   $50.00

e. I am:

  (1) ☐ not a registered California process server.

  (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

  (3) ☒ a registered California process server:

    (i) ☐ owner  ☐ employee  ☒ independent contractor

    (ii) Registration No:   2012-037

    (iii) County:   Sacramento

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   December 5, 2025

Brandon Ortiz
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| CHRISTINA BEGAKIS, ESQ. (SBN 316779) ABRAMSON LABOR GROUP<br>1700 W. BURBANK BLVD, BURBANK CA, 91506<br><br>TELEPHONE NO.: (213) 493-6300     FAX NO. : (213) 336-3704<br>EMAIL ADDRESS: Christina@abramsonlabor.com<br>ATTORNEY FOR *(Name):* LATRICE MCCAULEY | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sacramento<br>12/02/2025<br>By: _____ Deputy<br>N. Young |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 813 6TH ST
MAILING ADDRESS:
CITY AND ZIP CODE: SACRAMENTO 95814
BRANCH NAME: HALL OF JUSTICE BUILDING

CASE NAME:
MCCAULEY v. AMAZON.COM, INC., et al.

| CIVIL CASE COVER SHEET<br>[x] **Unlimited** [ ] **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $35,000) $35,000 or less) | Complex Case Designation<br>[ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25CV028812<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/02/2025

CHRISTINA BEGAKIS, ESQ.
_____
(TYPE OR PRINT NAME)

► *Christina Begakis*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                 **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
    *(not unpaid taxes)*
Petition/Certification of Entry of
    Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF SACRAMENTO** | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 Ninth Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>MCCAULEY LATICE | |
| DEFENDANT/RESPONDENT:<br>AMAZON.COM et al | |

| **NOTICE OF CIVIL HOME COURT ASSIGNMENT**<br>**AND CASE MANAGEMENT CONFERENCE**<br>**(UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>25CV028812 |
|---|---|

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES SUMMONS IN THIS ACTION UPON A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

### NOTICE OF CIVIL HOME COURT ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court and Standing Order SSC-25-7, this action is hereby assigned for limited purposes to the Civil Home Court department indicated below:

| PURPOSE | DEPARTMENT | COURT LOCATION |
|---|---|---|
| **CASE MANAGEMENT PROGRAM**<br>**and**<br>**LAW & MOTION** | 25 | Gordon D. Schaber Superior Court |

**Please refer to the Civil Home Court page at www.saccourt.ca.gov for additional filing instructions and information about hearing reservations, tentative rulings, and requesting oral argument.**

### NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **1:30 PM** on **July 7, 2026** in **Department 25** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Tentative Ruling / Confirming Appearance at the Hearing**
The Court will issue a tentative ruling not later than 2:00 p.m. of the court day before the hearing date which may be viewed by logging into the court's online public portal and accessing your case.

Unless an appearance is ordered in the tentative ruling, parties do not need to appear. A party requesting appearance to contest a tentative ruling must call the oral argument request line and notify the opposing party no later than 4:00 p.m. on the court day before the hearing.

**NOTICE OF CIVIL HOME COURT ASSIGNMENT**
**AND CASE MANAGEMENT CONFERENCE**
**(UNLIMITED CIVIL CASE)**

| SHORT TITLE: LATICE vs AMAZON.COM, et al. | CASE NUMBER: 25CV028812 |
|---|---|

| | |
|---|---|
| **Remote Appearances** | Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings. |
| **Minimum Requirements** | Prior to the filing of the case management statement, the parties should have done the following:<br><br>• Served all parties named in the complaint within 60 days after the summons has been issued<br>• Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered |
| **Certification Filed in Lieu of Case Management Statement** | If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement. |
| **Case Management Orders** | At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date. |
| **Compliance** | Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money). |
| **Continuances** | Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference. |

Dated: 12/03/2025                                    By:

/s/ N. Young
N. Young, Deputy Clerk

**NOTICE OF CIVIL HOME COURT ASSIGNMENT**
**AND CASE MANAGEMENT CONFERENCE**
**(UNLIMITED CIVIL CASE)**